Davis v. Scripps.

---

(187)                          DAVIS v. SCRIPPS.

If the Court err as a jury, the mode of redress is to ask for a new trial; if as a Court, it should be clearly shown that the point of law was decided.

APPEAL from the Cape Girardeau Circuit Court.

M'GIRK, C. J., delivered the opinion of the Court.

Davis brought his action of ejectment against Scripps for a lot of ground in the town of Jackson. The cause went to trial on the general issue. Verdict and judgment for the defendant. A bill of exceptions preserved the testimony given in the case. The cause was submitted to the Court without the intervention of a jury. The verdict is entered in the common form, and judgment in form rendered thereon. The bill of exceptions says that the cause and evidence were submitted to the Court, and the Court gave judgment for the defendant; to which opinion of the Court the defendant excepts, &c.

Several errors have been assigned and insisted on to reverse this judgment. It will be unnecessary to go into an examination of the errors, because it does not appear that any distinct point was made in the Court below. Here the facts and the law were both submitted to the Court. Whether the objection goes to the error of the Court in finding a wrong verdict upon testimony too weak to warrant the verdict, or to the error of the Court in a misconception of law, does not appear. If the Court erred as a jury, the mode of redress is to ask for a new trial, and if that is improperly refused, the wrong may be redressed by this Court. But if the error is an error in point of law, then the party should expressly bring his point before the Court in a shape clearly showing that the point of law was decided on by the Court.

As far as we have been able to look into the case, there is no error. The judgment is affirmed.